IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**CARLOS A. HOWARD, F.S.P.**

    **PLAINTIFF,**

v.                                       CIVIL ACTION NO:
                                            Jury Trial Demanded

**VIRGINIA BOARD OF FUNERAL DIRECTORS AND EMBALMERS, COMMONWEALTH OF VIRGINIA DEPARTMENT OF HEALTH PROFESSIONS, R. THOMAS SLUSSER, JR., KENNETH SCOTT HICKEY, M.D., JASON GRAVES, MUHAMMAD HANIF, LOUIS R. JONES, MIA F. MIMMS, BLAIR NELSEN, JOSEPH MICHAEL WILLIAMS, IN THEIR OFFICIAL AND INDIVIDUAL CAPCITY,**

    **DEFENDANTS.**

## COMPLAINT

Plaintiff, makes the following allegations on personal knowledge, as to his own actions and upon information and belief:

### NATURE OF THE ACTION

1. This action arises out of the activities in which Defendants, The Virginia Board of Funeral Directors and Embalmers and The Commonwealth of Virginia Department of Health Professions, the ("Defendants") have employed excessive fines and punishments, and indefinite suspension of Plaintiff's FSP license, **No. 0502-780010** in violation of his procedural due process guarantee and right to be free from excessive punishments under the Fourteenth Amendment and Eighth Amendment to the Constitution of Virginia; the Constitution of the United States, 42 U.S.C. § 1983 and laws; seeks to enjoin these violations and to award Plaintiff expenses, and to grant such other relief that this Complaint request.

2. Defendants herein are part and parcel of a sophisticated and grand monetary penalty scheme to punish, suspend, revoke, or reinstate Plaintiff's license to practice as a funeral service provider, or serve as a manager of record of any funeral home, that constitutes an exorbitant toll or operates as a forfeiture of his license and undermine other constitutional liberties.

3. Defendants' employ sophisticated and crafty mechanism to escape liability, including the insertion of prejudicial hearsay or erroneous evidence into their formal administrative hearings to adopt Findings of Facts and Conclusions of Law.

4. Defendants then levied excessive fines to punish or reinstate Plaintiff to impose its licensing authority that has resulted in and/or constitutes unconstitutional indefinite suspension and/or forfeiture as punishment of Plaintiff's license to practice as a funeral service provider, as applied to the facts of this case.

5. In exchange for it's arbitrary or capricious monetary penalty $12,500, Defendants represent that they will Order reinstatement of Plaintiff's license to practice as a funeral service provider among other things, provided all terms and conditions in its Orders are met.

6. Then, because Plaintiff does not have at hand the thousands of dollars 'necessary' to reinstate or prevent civil forfeiture of his license to practice as a funeral service provider, they offer no payment terms in order to compel the monetary penalty.

7. The arbitrary or capricious fines levied to reinstate, revoke, sanction, that have operated as civil forfeiture of Plaintiff's license to practice as a funeral service provider, is not found at-all under any regulation, and is unconstitutional as applied to the facts of this case.

8. The Plaintiff's inability and/or failure to pay $12,500.00 monetary penalty, have resulted in the indefinite suspension, revocation and/or civil forfeiture of Plaintiff's license to practice as a funeral service provider is excessive, cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

9. The fines levied as a penalty, sanction or punishment is exorbitant and out of proportion against Plaintiff, as applied to the facts of this case.

10. After months or years of indefinite suspension, revocation and/or civil forfeiture of Plaintiff's license to practice as a funeral service provider and/or restrictions on his ability to serve as a manager of record of any funeral home, they continue to impose its excessive fines suspending, revoking or refusal to reinstate his license that has resulted in and/or constitutes unconstitutional indefinite suspension or as a consequence for his inability or failure to pay a $12,500.00 monetary penalty, civil forfeiture as punishment of the Plaintiff's license to practice as a provider or serve as a manager of record of any funeral home, as applied to the facts of this case.

11. Defendants' Virginia Board of Funeral Directors and Embalmers, Commonwealth of Virginia Department of Health Professions, Thomas Slusser, Jr., Kenneth Scott Hickey, M.D., Jason Graves, Muhammad Hanif, Louis R. Jones, Mia F. Mimms, Blair Nelsen, and Joseph Michael Williams, actions are particularly egregious because their failure to asses the potential economic advantages/disadvantages to the Plaintiff's small business, his inability and/or failure to pay a $12,500.00 monetary penalty, may result in indefinite suspension or civil forfeiture of Plaintiff's license to practice as a provider or serve as a manager of record of any funeral home, Plaintiff has suffered approximately $30 million dollars in damages/losses.

12. In truth and in fact, Defendants do not (nor ever intend to) fulfill its statutory or regulatory authority, assessing fines, according its Adjudication Manuel a "guidance document" there must be an economic impact study that assess the potential economic advantages/disadvantages to a small business denied.

13. As detailed, Defendants' actions violate the Fourteenth Amendment and Eight Amendment to the Constitution of Virginia and the Constitution of the United States, and laws.

## THE PARTIES

14. Carlos A. Howard ("Mr. Howard" or "Plaintiff") *pro se* is an individual who is a citizen of the State of Virginia, residing at 4605 Brideshead Court, Virginia Beach,Virginia 23464.

15. The entities and individuals listed in paragraph 11 have engaged in and is engaging in activities as part and parcel of their sophisticated and monetary penalty scheme resulting in the suspension, revocation, reinstatement or civil forfeiture of the Plaintiff's license to practice as a funeral service provider, or serve as a manager of record of any funeral home and have each acted with actual authority and/or apparent authority on behalf of each and every Defendant herein.

16. Defendant Virginia Board of Funeral Directors and Embalmers is a Virginia government agency with its principle place of business located at Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463. Upon information and belief, The Virginia Board of Funeral Directors and Embalmers ("Board") is established and operates pursuant to Sections 54.1-2400 and 54.1-2800 et seq., of the Code of Virginia.

17. Defendant Virginia Department of Health Professions is a Virginia government agency and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463. Upon information and belief,(DHP) is responsible for licensing and regulating the profession. The Virginia Board of Funeral Directors and Embalmers, through DHP, requires an application for licensure.

18. Defendant R. Thomas Slusser, Jr., FSL President of Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Slusser, Jr., is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

19. Defendant Mr. Kenneth Scott Hickey, M.D. Vice-President of Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Hickey, is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

20. Defendant Jason Graves, FSL Secretary Treasurer of Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Graves, is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

21. Defendant Muhammad Hanif, FSL Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Hanif, is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

22. Defendant Louis R. Jones, FSL Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Jones, is an individual who is a citizen of Virginia, and is located in

the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

23. Defendant Mia F. Mimms, FSL, JD Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Ms. Mimms, is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

24. Defendant Blair Nelsen, FSL Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Nelsen, is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

25. Defendant Joseph Frank Walton, FSL Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Walton, is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

26. Defendant Joseph Michael Williams, FSL Board of Funeral Directors and Embalmers Board Members. Upon information and belief, Mr. Williams, is an individual who is a citizen of Virginia, and is located in the same office, Perimeter Center 9960 Mayland Drive, Suite 300 Henrico, VA 23233-1463.

## JURISDICTION

27. Jurisdiction of this Court is invoked under 28 U.S.C. §1331, §1332(A), §2674, §1364(b)(1), and 42 U.S.C. §1983. This Court has original jurisdiction over this civil action as it arises under the Constitution, laws, or treaties of the United States, specifically the Eighth Amendment to the U.S. Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." - Section 1 of the Fourteenth Amendment to the U.S. Constitution provides, in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Alternatively, this Court has original jurisdiction because the amount in controversy exceeds the sum or value of $75,000,00 exclusive of interest and costs.

28. Venue is proper pursuant to 28 U.S.C. Section 1391.

29. Exercise of jurisdiction over Defendants is proper. Defendants are subject to general jurisdiction in the Commonwealth of Virginia because all Defendants list their places of business as located in Virginia, regularly transact extensive business activities in Virginia, have engaged in tortious conduct in Virginia, and there is a substantial nexus

between Defendants' purposeful availment of the Virginia forum and Plaintiff's claims.

30. Defendants have significant contact with Virginia such that they are subject to the personal jurisdiction of this Court. The Court's assertion of jurisdiction over Defendants is consistent with the notions of fair play and substantial justice. One or more Defendants purposefully availed themselves of the benefits of Virginia such that they could reasonably anticipate being hauled into Court here, or otherwise directed their conduct toward this Virginia such that the effects of their damages were occasioned upon Plaintiff within Virginia.

**FACTUAL BASIS FOR CLAIMS**

31. On or about March 1, 2021, Plaintiff contacted Defendants, to inquire about his license to practice as a funeral service provider or serve as a manager of record of any funeral home.

32. During 2012, Plaintiff Carlos A. Howard, F.S.P., license to practice as a funeral service provider was improperly suspended.

33. Mr. Howard's license to practice as a funeral service provider or serve as a manager of record of any funeral home was suspended until he pays in full a $12,500 monetary penalty.

34. Defendants entered an Order, Mr. Howard shall not serve as manager of record of any funeral home until one year after his funeral service provider license is reinstated.

35. On March 8, 2021, Plaintiff was advised that his license to practice as a funeral service provider or serve as a manager of record of any funeral home shall not not be reinstated until the $12,500 and payment in the amount $1000 funeral service licensee reinstatement application fee an initial licensure, registration, an expired license and other fees is paid pursuant **18VAC65-20-70**.

36. Upon information and belief, Plaintiff as owner and manager of record at the Carlos A. Howard Funeral Home, contrary to Defendants groundless Order, alleging misconduct, maintained a course of conduct as a funeral service provider and manager of record and ("CAHFH"), in its capacity as a funeral service establishment commensurate with the requirements of Section 54.1-2800 *et seq.*, of the Code of Virginia and the Regulations.

37. Upon information and belief, Defendants on or about March 2012, entered final Orders suspending Plaintiff's license to practice as a funeral service provider or serve as a manager of record of any funeral home until present.

38. Mr. Howard license shall not be reinstated until the $12,500 indefinite monetary penalty has been paid in full.

39. Upon information and belief, reinstatement of his license, Mr. Howard shall not serve as manager of record of any funeral home for a period of one year from the date his funeral license is reinstated until the $12,500 monetary penalty has been paid in full.

40. Upon information and belief, the acts described herein amount to continued part and parcel of a sophisticated and grand monetary penalty scheme to punish, suspend, revoke, reinstate or operates as a civil forfeiture scheme of Plaintiff's license to practice as a funeral service provider, or serve as a manager of record of any funeral home, that constitutes an exorbitant toll or excessive civil forfeiture of his license and undermine his other constitutional liberties.

41. Moreover, the unregulated scheme described herein is a continuing monetary penalty and punishment practice and poses the threat of continued undermining of other civil liberties, levying upon unsuspecting "victims" funeral service providers.

42. Upon information and belief, Defendants impose unregulated monetary penalties other victims before, during and after they fined Plaintiff. The foregoing demonstrates that there is no obvious terminating goal or date for the unregulated activity; the forgoing acts are part of the Defendants' ongoing, regular way of doing business; and Defendants operate an indefinite practice that exists for punishment purposes (*e.g.*, exact an exorbitant toll, punishment and/or excessive penalty, obligating funeral service providers "victims" to pay money to Defendants.

43. Defendants' conduct employs the use of the insertion of prejudicial hearsay or erroneous evidence into their formal administrative hearings held before a panel of the Virginia Board of Funeral Directors and Embalmers ("Board").

44. The injuries to Plaintiff were caused by Defendants' scheme of levying unregulated monetary penalties to punish, suspend, revoke, reinstate or operates as a civil forfeiture to deprive Plaintiff of his license to practice as a funeral service provider, or serve as a manager of record of any funeral home.

45. Furthermore, the activities alleged herein are contained in the custody of Defendant's as public record and its websites.

## CLAIMS FOR RELIEF

### COUNT I

### Against All Defendants

### (Violation of the Fourteenth Amendment)

46. Plaintiff reallege and incorporate herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

47. Defendants are the "Statutory and Regulatory Authority" is established and operates pursuant Sections 54.1-2400 and 54.1-2800 et seq., of the Code of Virginia. Regulations promulgated by the Board may be found in 18 VAC 65-20, Chapters 11, 20, 30, and 40.

48. Defendants violated the Fourteenth Amendment that requires the States to respect the freedom from excessive fines enshrined in the Eighth Amendment by levying an unregulated $12,500.00, monetary penalty to punish Plaintiff that deprived him of his livelihood by suspending his license to practice as a funeral service provider or serve as a manager of record of any funeral home is "grossly disproportional" to the nature his alleged offenses.

49. By reason of the foregoing, Defendants are liable to Plaintiff for actual damages and statutory trebling of those damages, together with punitive damages, cost and interest.

## COUNT II

### Against All Defendants

### (Violation of the Eighth Amendment)

50. Plaintiff reallege and incorporate herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

51. Defendants violated the Eighth Amendment excessive fines, cruel and unusual infliction clause by levying an unregulated $12,500.00, monetary penalty, intended to punish the Plaintiff that deprived him of his livelihood by suspending his license to practice as a funeral service provider or serve as a manager of record of any funeral home is "grossly disproportional" to the nature of his alleged offenses.

## COUNT III

### Against All Defendants

### (Unjust Enrichment)

52. Plaintiff reallege and incorporate herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

53. Defendants' conduct as described herein allowed Defendants to knowingly realize substantial unregulated and unjust revenues from employing excessive fines and punishments at the expense of, and to the detriment or impoverishment of, the Plaintiff, and to Defendants' benefit and enrichment. Defendants have thereby violated fundamental principles of justice, equity and good conscience.

54. Plaintiff was ordered to make a $12,500.00 significant financial monetary penalty to Defendants as punishment.

55. Defendants arbitrarily or capriciously employ fines as punishments without any statutes or regulations that state with any level of specificity fine amounts.

56. It is inequitable for Defendants to employ or retain the benefits anticipated and/or conferred by Plaintiff.

57. By reason of the foregoing, Defendants are liable to Plaintiff for the damages they have suffered as result of Defendants' actions, the amount of which shall be determined at trial plus interest and cost.

## COUNT IV

### Against All Defendants

### (Va. Code Ann. 4001 Unconstitutional)

58. The Plaintiff contend that, as written and as implemented by the Defendants, Va. Code Ann. 4001, is unconstitutional for it unconstitutionally violates his equal protection and due process by the indefinite suspension of his FSP license **No. 0502-780010**, to practice as a funeral service provider or serve as a manager of record of any funeral home without notice or a hearing and his inability to pay a $12,500.00 monetary penalty or sanction as punishment.

59. Because (1) under any construction of the statute as written, the Defendants has a significant and special role in enforcement and (2) regardless of the statute's terms, as it is actually implemented, the Defendants issued the suspension and monetary penalty pursuant to Va. Code Ann. 4001, without regard to the failing to provide Plaintiff sufficient notice or hearing before suspension of Mr. Howard's FSP license **No. 0502-780010**,. It is additionally unconstitutional as applied to Plaintiff who cannot afford to pay due to his modest financial circumstances.

60. As a result of the Defendants' efforts to coerce payment of the board debt, and its failure to asses Plaintiff's inability to pay, deprived him of his livelihood as a funeral service provider or serve as a manager of record of any funeral home.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, pray that the Court:

(a) Find that Defendants have committed the violations of constitutional, statutory and common law alleged herein;

(b) Enter an Order granting monetary relief, including treble and punitive damages in an amount at least $30,000,000.00, the precise amount of which is to be determined at trial;

(c) Enter an Order granting monetary relief, including compensatory damages to Plaintiff in an amount of at least $60,000,000.00, the precise amount of which is to be determined at trial;

(d) Determine that Defendants have been unjustly enriched as a result of the wrongful conduct, and enter an appropriate Order awarding restitution and monetary damages;

(e) Enter judgment including interest, costs, reasonable fees, and expenses;

(f) Entering preliminary and permanent injunctive relief against Defendants, directing Defendants to correct their practices and to comply with the Fourteenth Amendment and Eighth Amendment to the Constitution of Virginia and the Constitution of the United States, and laws; and

(g) Granting such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: March 10, 2021   CARLOS A. HOWARD

By: _____
Carlos A. Howard
4605 Brideshead Court,
Virginia Beach, Virginia 23464
757-620-8800